Filed 3/25/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C078962 |
| Plaintiff and Respondent, | (Super. Ct. No. P14CRF0082) |
| v. | |
| BRADLEY MICHAEL ZAUN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of El Dorado County, Kenneth J. Melikian, Judge. Affirmed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jesse Witt, Deputies Attorney General, for Plaintiff and Respondent.

A jury found defendant Bradley Michael Zaun guilty of three counts of burglary, two counts of attempted burglary, and one count of receiving stolen property. On appeal, defendant challenges only the two convictions for attempted burglary, arguing there is insufficient evidence to support those convictions. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2013, defendant, Andrew Robertson, Gary Massey, and Alex Cochran committed a series of residential burglaries. Their normal approach was for one of them to knock on the door or ring the doorbell, and if no one answered they would force the door open and steal what they could.[1]

On November 14, 2013, the four men drove to the home of Cory Meeder. Cochran knocked on the door to see if anyone was home. When the Meeders answered, Cochran asked if someone named Tyler lived there. The Meeders were suspicious and told him there was no one named Tyler living there or anywhere else on that street. Cochran returned to the car and the four men drove away.

That same day, the four men drove to Diamond Springs and pulled up to the home of Anna Ahlemeyer. Either Robertson or Cochran went to the front door and knocked and then went to a second door and knocked.[2] The other three men were outside of the car in the driveway. Ahlemeyer came to the door, and the men left after a brief exchange.

On September 16, 2014, defendant was charged with three counts of burglary, two counts of attempted burglary (the Meeder and Ahlemeyer homes), and one count of receiving stolen property. On February 18, 2015, a jury found defendant guilty of all

---

[1]     Because defendant does not challenge his convictions for the completed burglaries, we do not discuss the facts underlying those counts, other than to note, as we have, the general modus operandi of the crimes.

[2]     Robertson testified that it was Cochran who went to the door; Ahlemeyer identified Robertson as the one who was at the door.

charges.  The trial court ultimately sentenced defendant to 26 years in prison, which included enhancements for prior convictions.  Defendant timely appealed.

DISCUSSION

On appeal, defendant contends there was insufficient evidence that he and his companions attempted to burglarize the Ahlemeyer and Meeder homes because "[t]he intent to enter the homes . . . was never formed."  He argues that he and his associates were only casing houses and that the presence of someone in each home "was not an intervening circumstance that frustrated an attempt, but the failure of a condition precedent to forming the intent."  We disagree.

Where, as here, a defendant challenges the sufficiency of the evidence to support his conviction, "[t]he standard of review is well settled:  On appeal, we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence -- that is, evidence that is reasonable, credible and of solid value -- from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citations.]  ' "[I]f the verdict is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder." '  [Citation.]  'The standard of review is the same in cases in which the People rely mainly on circumstantial evidence.  [Citation.]  "Although it is the duty of the [finder of fact] to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the [finder of fact], not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt." ' "  (*People v. Snow* (2003) 30 Cal.4th 43, 66.)

"An appellate court must accept logical inferences that the [finder of fact] might have drawn from the circumstantial evidence."  (*People v. Maury* (2003) 30 Cal.4th 342, 396.)  "[A] jury may not rely upon unreasonable inferences, and . . . '[a]n inference is not reasonable if it is based only on speculation.' "  (*People v. Hughes* (2002) 27 Cal.4th 287,

3

365.) "Before the judgment of the trial court can be set aside for the insufficiency of the evidence, it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the [finder of fact]." (*People v. Hicks* (1982) 128 Cal.App.3d 423, 429.)

"Every person who enters any house . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." (Pen. Code, § 459.) "An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (Pen. Code, § 21, subd. (a).)

Here, the intent of defendant and his associates to commit burglary was sufficiently established. Defendant participated in three completed burglaries in which the approach was largely the same: knock on doors to see if the houses were occupied, then force entry to commit theft when no one responded. While a jury might have concluded that defendant and his associates did not form the intent to burglarize the homes until they determined the homes were unoccupied, that was not the only reasonable conclusion available to the jury. A jury could also reasonably conclude, as we presume the jury did here, that defendant and his associates had the intent to enter the homes and commit theft when they went to the front door and only abandoned that intent when someone answered the door. Under that scenario, defendant and his associates had the specific intent to commit burglary in each case, and the appearance of the Meeders and Ahlemeyer at their respective doors served to interrupt the intended crimes, making the actions up to that point ineffectual acts done toward the commission of burglaries. These are logical inferences that this court must accept on review. (*People v. Maury*, *supra*, 30 Cal.4th at p. 396.) As such, we conclude there was sufficient evidence on intent to support defendant's convictions of attempted burglary.

4

DISPOSITION

The judgment is affirmed.


                                        /s/
                                        Robie, Acting P. J.



We concur:



/s/
Butz, J.



/s/
Duarte, J.



5