Filed 10/28/20  P. v. Durel CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC ANTHONY DUREL,<br><br>    Defendant and Appellant. | A158409<br><br>(Napa County Super. Ct. No. 19CR001457) |

Appellant Eric Anthony Durel was convicted by jury of felony attempted vehicle burglary, misdemeanor possession of burglary tools, and misdemeanor petty theft.  He admitted a prior felony conviction under the three strikes law.  (Pen. Code, § 664/459, 466, 484, subd. (a), 667, subd, (b)–(i).)[1]  He contends his attempted vehicle burglary conviction must be reversed because the evidence was insufficient to prove he intended to enter a *locked* vehicle, as is required for a completed vehicle burglary, and because the court should not have admitted

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

evidence of a prior vehicle burglary incident under Evidence Code section 1101, subdivision (b).  Appellant also argues that the sentence must be modified because the court ordered him to participate in a drug counseling program in prison when it was only authorized to make a recommendation for the same. (§ 1203.096.)  We agree with this final contention.  We will order the sentence modified, but otherwise affirm.

## I.  BACKGROUND

On May 22, 2019, appellant stole some liquor from the Safeway in American Canyon.  On the morning of May 23, 2019, Stephanie N., who worked at Safeway and was on a break sitting in her car and talking to her husband on her cell phone, saw appellant testing the handles of parked cars in the Safeway parking lot by pulling on them.  She saw appellant try to open the doors of at least three or four cars.  When a car door did not open—which none of them did—he moved on to the next car.  Appellant did not appear to notice that Stephanie N. was watching.

Appellant was also observed by two men delivering beer, Joseph P. and Nicholas B., who saw appellant "going car by car and grabbing door handles, one after the other," to see if they were open.  When a door was locked, appellant would move on to the next one.  When Joseph P. tried to record a video of appellant with his phone, appellant flipped the men off with his middle finger and became aggressive, pulling out a knife and asking the men, "[W]hat are you going to do?" and, "Do you want to get your

ass kicked?" Stephanie N. saw the confrontation, although she could not hear what was being said from inside her car.

Later that morning, Jeanne C. was dropping off a package at the UPS Store located in the same strip mall as the Safeway. When she started to walk out of the store, she noticed appellant standing in front of her car carrying a knife. Scared, she retreated into the UPS Store and tried to tell the employees at the counter in the back to call 911. Appellant made eye contact with Jeanne C. through the window and then stuck his head inside the store and said "hi" a few times. When one of the store employees said "hi" back, appellant indicated that he had been talking to Jeanne C. Appellant left the store and Jeanne C. called 911.

Officers responded and appellant was arrested near the UPS Store. A patdown search revealed that appellant was carrying a knife and two shaved keys, which were a common tool of car burglars that could be used to either unlock a car door or start an ignition.

Appellant was charged with two counts of assault with a deadly weapon (§ 245, subd. (a)(1)), two counts of dissuading a witness from reporting a crime (§ 136.1, subds. (b)(1) & (c)), attempted second degree burglary of a vehicle (§§ 664/459), possession of burglary tools (§ 466) and petty theft (§ 484, subd. (a)). It was alleged that appellant had personally used a dangerous and deadly weapon in connection with the dissuading counts (§ 12022, subd. (b)(1)) and had been previously convicted

of a serious felony within the meaning of the three strikes law and the five-year serious felony enhancement (§667 subd. (a)(1)).

The assault charges were dismissed after a successful motion under section 995. Appellant proceeded to a jury trial on the remaining charges. In addition to the evidence concerning the current offenses, the jury heard evidence of two prior incidents under Evidence Code section 1101, subdivision (b): an auto break-in that occurred in August 2017 and an altercation inside a gas station mini-mart that occurred in November 2017.

The jury convicted appellant of attempted vehicle burglary, possession of burglary tools and petty theft. It acquitted appellant of one count of dissuading a witness and deadlocked on the second count of that offense, which was ultimately dismissed. Appellant admitted the three strikes allegation, which had been bifurcated from the charges. The court dismissed the weapon use enhancements and prior serious felony enhancement. Appellant was sentenced to prison for the one-year middle term for attempted vehicle theft, doubled to two years under the three strikes law, and was given concurrent sentences for the misdemeanor counts.

## II. DISCUSSION

A. *Substantial Evidence*

Appellant contends the evidence was insufficient to support his conviction of attempted vehicle burglary because there was no evidence he intended to steal from a *locked* vehicle. We disagree.

In reviewing the conviction for substantial evidence, we review the record in the light most favorable to the conviction to

determine whether there is evidence from which a rational trier of fact could find the elements of the crime beyond a reasonable doubt. That a rational trier of fact may have also found to the contrary does not justify reversal. (*People v. Weddington* (2016) 246 Cal.App.4th 468, 478 (*Weddington*).)

Vehicle burglary is defined by section 459 as occurring when a "person . . . enters any. . . vehicle as defined by the Vehicle Code when the doors are locked . . . with intent to commit grand or petit larceny or any felony. . . ." "The key element of auto burglary is that the doors be locked." (*In re James B.* (2003) 109 Cal.App.4th 862, 868.) An attempt to commit a crime has two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission. (§ 21a; *Weddington, supra*, 246 Cal.App.4th at p. 478.)[2]

Here, appellant attempted to open the doors of several locked cars while carrying shaved keys that could be used to open

_____

[2] The jury in this case was instructed with a version of CALCRIM No. 460 regarding attempt, which provided in part: "The defendant is charged in Count Three with attempted car burglary. [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant took a direct but ineffective step toward committing a car burglary; [¶] AND [¶] 2. The defendant intended to commit car burglary." It was also instructed with a version of CALCRIM No. 1700, which provided in part: "The defendant is charged in Count Three with attempted car burglary. [¶] To prove that the defendant is guilty of this crime, the People must prove that [¶] 1. The defendant attempted to enter a locked vehicle; [¶] AND [¶] 2. When he attempted to enter a locked vehicle, he intended to commit theft." Appellant does not challenge either of these instructions on appeal.

5

a locked door. He had previously committed vehicle burglary. A reasonable trier of fact could conclude appellant had committed a direct but ineffectual act to enter a locked car and did so with an intent to commit a theft. (See *Weddington, supra,* 246 Cal.App.4th at p. 479 [sufficient evidence of attempted burglary where defendants drove through neighborhoods knocking on doors]; *People v. Prince* (2007) 40 Cal.4th 1179, 1257 [sufficient evidence of attempted burglary where defendant examined backyards of residences in area before knocking on front door and asking resident about person who did not reside there].)

Appellant argues that he was merely testing the handles of the cars hoping to find one that was unlocked, and that the evidence that he moved on after discovering a car was locked could only be interpreted to mean that he did not intend to enter any car that *was* locked.[3] We disagree. While this was one view of the evidence, it was not the only one. In *People v. Zaun* (2016)

---

[3] We assume, without deciding, that attempted vehicle burglary requires a specific intent to enter a locked car, and that the elements of the crime are not satisfied when the defendant intends to enter an unlocked car. Section 459 does not require that a defendant have knowledge that a car is locked to be convicted of completed vehicle burglary. (See *People v. Parker* (1985) 175 Cal.App.3d 818, 823 [defendant need not know he is entering a residence to be convicted of first degree burglary].) However, an attempt to commit a crime requires a specific intent to commit the completed crime, even if the completed crime requires a lesser intent. (*People v. Fontinot* (2019) 8 Cal.5th 57, 68.) Because the Attorney General's respondent's brief assumes that attempted vehicle burglary requires an intent to enter a locked car, and because the evidence is sufficient to support such a finding, we do not need to decide whether such a finding was required.

245 Cal.App.4th 1171, 1174, defendant and his cohorts knocked on doors of homes and moved on if they were occupied  The court held that while the jury could have determined they never intended to burglarize a home that was occupied, it could have also determined they had the "specific intent to commit burglary in each case, and the appearance of the [occupants] at their respective doors served to interrupt the intended crimes, making the actions up to that point ineffectual acts done toward the commission of burglaries."  Similarly, it was reasonable to infer that as appellant was testing the door handles of the locked cars, he also was viewing their interiors through the windows and decided to move on when he saw nothing of value.  This "served to interrupt" the intended crime and made appellant's actions in walking through the parking lot pulling on door handles ineffectual acts done toward the commission of a vehicle burglary.

The jury could have also determined that although appellant preferred to find an unlocked car if one was available, he was willing to use the shaved keys he possessed or break into a locked car if he could only find locked cars.  Although appellant claims in his reply brief that there was no evidence that he was "casing" the cars to determine which ones were locked, the jury could have inferred that the only reason appellant did not use the shaved key he was carrying was because he realized he was being observed by the men who were delivering the beer to Safeway. He became confrontational with those two men upon discovering that they had caught him in the act of testing the door handles.

Appellant had a criminal history that included vehicle burglary, and as we shall discuss *infra*, this reasonably led to the conclusion that he intended to commit a theft from the parked cars whose handles he was testing, even if he did not take steps to do so under the gaze of onlookers.

We note that defense counsel secured an instruction on auto tampering under Vehicle Code section 10852 as a lesser included offense of attempted vehicle burglary and argued below that appellant was guilty only of this offense.[4] The jury rejected appellant's claim that he was only looking for an unlocked car and did not intend to enter one of the locked cars when it convicted him of the charged offense. That it could have opted for a lesser crime does not render the evidence of attempted vehicle burglary insufficient, particularly in light of the evidence that appellant possessed shaved keys and had previously burglarized a car. (See *People v. Hill* (1998) 17 Cal.4th 800, 849, overruled on another ground in *Price v. Superior Court (*2001) 25 Cal.4th 1046, 1069, fn. 13. [court's opinion that evidence could be reconciled with a finding of innocence, or of guilt of a lesser crime, does not warrant reversal of judgment].) The evidence was sufficient to support the conviction of attempted vehicle burglary.

---

[4] Vehicle Code section 10852 provides, "No person shall either individually or in association with one or more other persons, willfully injure or tamper with any vehicle or the contents thereof or break or remove any part of a vehicle without the consent of the owner." (See *People v. Mooney* (1983) 145 Cal.App.3d 502, 504–507 [instruction on tampering required when there was evidence from which jury could find that car was not locked].)

B. *Other Acts Evidence*

Over defense objection, the prosecution was allowed to present evidence that on August 16, 2017, appellant had forced entry into a locked car in San Francisco by breaking a window and crawling inside.[5] When appellant emerged from the car by crawling out the back window with a backpack in his hand, he was confronted by a witness. He ran away and was apprehended a short time later.

The trial court ruled that evidence of this prior incident was admissible under Evidence Code section 1101, subdivision (b), to prove intent and common scheme and plan, and was not unduly prejudicial under Evidence Code section 352. It gave the jury CALCRIM No. 375 advising it to consider the evidence only for these purposes.[6] Appellant contends the evidence should not

---

[5] The prosecution also presented evidence under Evidence Code section 1101, subdivision (b) of a 2017 incident in which appellant was involved in an altercation with the people who worked at a gas station mini mart when he asked them to exchange his change for bills and was told to wait in line. This incident was offered as being relevant to the intent necessary for the charges of dissuading a witness under section 136.1, of which appellant was not convicted. Appellant does not challenge the introduction of this evidence on appeal.

[6] CACRIM No. 375 provided in relevant part: "The People presented evidence that the defendant committed other offenses that were not charged in this case. [¶] You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offenses. . . . [¶] . . . [¶] If you decide that the defendant committed the uncharged offenses, you may, but are not required to, consider that evidence for the limited purpose of deciding

9

have been admitted and that he was prejudiced by having the jury consider it. We disagree that reversal is required.

Evidence Code section 1101, subdivision (a) prohibits courts from admitting evidence of a defendant's prior act "to prove. . . his or her disposition to commit such an act." Evidence Code section 1101, subdivision (b) allows the introduction of other act evidence "when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . .) other than [the defendant's] disposition to commit such an act." (Evid. Code, § 1101, subd. (b).) A trial court's decision to admit such evidence is "essentially a determination of relevance" and is therefore "reviewed for abuse of discretion." (*People v. Kipp* (1998) 18 Cal.4th 349, 369.)

"To be relevant, an uncharged offense must tend logically, naturally and by reasonable inference to prove the issue(s) on which it is offered." (*People v. Robbins* (1988) 45 Cal.3d 867, 879.) Our Supreme Court has "long recognized 'that if a person

---

whether: [¶] a. The defendant acted with the intent to commit vehicle burglary . . . [¶] OR [¶] b. The defendant had a plan or scheme to commit the offenses alleged in this case. [¶] In evaluating this evidence, consider the similarity or lack of similarity between the uncharged offenses and acts and the charged offenses. [¶] Do not consider this evidence for any other purpose. [¶] Do not conclude from this evidence that the defendant has a bad character or is predisposed to commit crime. [¶] If you conclude that the defendant committed the uncharged offenses, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of the offenses charged or that the allegation has been proved. The People must still prove the charge and allegation beyond a reasonable doubt."

10

acts similarly in similar situations, he probably harbors the same intent in each instance' [citations], and that such prior conduct may be relevant circumstantial evidence of the actor's most recent intent." (*Ibid.*; see *People v. Rocha* (2013) 221 Cal.App.4th 1385, 1393–1394.)

Here, appellant put his intent at issue by suggesting his conduct did not satisfy the elements of vehicle burglary because he was simply testing the doors of parked cars to find one that was unlocked and he did not intend to enter any of the locked cars. The prior vehicle burglary incident tended to refute this claim.

Appellant contends the uncharged vehicle burglary was not sufficiently similar to the charged offense to render it admissible under Evidence Code section 1101, subdivision (b). But "[t]he least degree of similarity . . . is required in order to prove intent." (*People v. Ewoldt* (1994) 7 Cal.4th 380, 402.) The uncharged misconduct must only be sufficiently similar to support an inference that the defendant probably harbored the same intent in each instance. (*Ibid.*) It need not be so unusual and distinctive as to constitute a signature, as is true when an uncharged act is introduced to prove identity. (*Id.* at p. 403.) Although the 2017 vehicle burglary differed from the charged offense in that it involved forced entry and a completed crime, the jury could infer that appellant had the same intent—to enter and steal items from a car—when he committed each crime.

Our conclusion that the prior vehicle burglary was admissible does not end the inquiry. A trial court admitting

11

evidence of uncharged crimes must also conclude that the prejudicial impact of the evidence does not exceed its probative value within the meaning of Evidence Code section 352. (*Ewoldt, supra*, 7 Cal.4th at p. 404.) The prejudice that Evidence Code section 352 is designed to avoid is not the damage that naturally results from highly probative evidence, but rather the prospect of leading the jury to prejudge a person or focus on extraneous factors. (*People v. Tran* (2011) 51 Cal.4th 1040, 1048.) We review the admission of other act evidence against an Evidence Code section 352 objection for abuse of discretion. (*People v. Merchant* (2019) 40 Cal.App.5th 1179, 1192.)

Appellant claims the trial court should have excluded the evidence of the prior vehicle burglary as unduly prejudicial under Evidence Code section 352. We disagree. Although the prior crime involved an actual break-in rather than an attempt, it was a relatively straightforward offense hardly likely to inflame the jury against appellant. Any prejudice to appellant was outweighed by the probative value of the evidence, and the trial court did not abuse its discretion in allowing evidence of the prior car burglary to prove intent.

It is a closer call as to whether the evidence should have been admitted to prove a common scheme or plan. "Evidence of a common design or plan is admissible to establish that the defendant committed the *act* alleged. Unlike evidence used to prove intent, where the act is conceded or assumed, '[i]n proving design, the act is still undetermined. . . .' " (*Ewoldt, supra*, 7 Cal.4th at p. 394, fn. 2.) Although there was a question as to

12

whether appellant's actions constituted an attempt by going beyond "mere preparation" and becoming a "direct but ineffectual act" done toward the commission of the crime (*Weddington*, *supra*, 246 Cal.App.4th at p. 478), his action in trying to open the handles of locked cars was not undetermined.

Assuming the evidence was not admissible to prove a common plan or scheme, any error in this regard was harmless because it is not reasonably probable the jury would have reached a result more favorable to appellant had the evidence been excluded for this purpose. (*People v. Malone* (1988) 47 Cal.3d 1, 22, 49–51; *People v. Watson* (1956) 46 Cal.2d 818, 835.)

First, as we have already explained, the evidence was admissible to prove intent, so the jury would have learned about the incident anyway. (See *People v. Foster* (2010) 50 Cal.4th 1301, 1329 [evidence of prior acts admissible to prove intent and plan; unnecessary to decide whether it was also admissible to prove identity].) Second, the jurors were instructed with CALCRIM No. 375, which advised them that the other crimes evidence was not enough to prove guilt, that it was only one factor for the jury to consider, and that it could not be used to prove criminal disposition. (*Id.* at p. 1332.) Third, the jurors acquitted appellant of one charge and were unable to reach a verdict on another, showing that they were not unduly prejudiced by the other crimes evidence. (See *People v. Smith* (2003) 30 Cal.4th 581, 617 [acquittal of one count suggested jury's deliberations were not affected by alleged prosecutorial misconduct].) "[T]hat defendant was acquitted of *any* of the

13

offenses suggests the lack of prejudice and the jury's clear ability to consider each count on the evidence presented and nothing else." (*People v. Mendibles* (1988) 199 Cal.App.3d 1277, 1312, overruled on another ground in *People v. Soto* (2011) 51 Cal. 4th 229, 248, fn.12.) Reversal is not required.

C. *Amendment of Sentencing Order*

Appellant contends the court's order that he participate in substance abuse counseling while in prison must be amended to show it is a recommendation. The People concede the point and we agree.

At the sentencing hearing, the trial court ordered appellant to participate in a counseling or education program having a substance abuse component "if one is available." Section 1203.096, subdivision (a), specifically provides that a trial court shall "*recommend* in writing that the defendant participate in a counseling or education program having a substance abuse component while imprisoned." (§ 1203.096, subd. (a), italics added.) Case law finds that the appropriate authorities need not heed the recommendation. (*People v. Peel* (1993) 17 Cal.App.4th 594, 599–600.) Accordingly, it was appropriate for the trial court to recommend such counseling rather than order it. We shall order that the minute order and abstract of judgment be modified to clarify that such participation is recommended, not ordered, by the trial court.

### III.    DISPOSITION

The judgment is modified to reflect that substance abuse counseling pursuant to section 1203.096 is recommended, not ordered. The superior court clerk is directed to prepare an amended minute order and abstract of judgment to state that substance abuse counseling is recommended. As so modified, the judgment is affirmed.

                                      _____

NEEDHAM, Acting P.J.

We concur.


_____

BURNS, J.


_____

REARDON, J. *


*People v. Durel* / A158409

_____

    * Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16