Filed 3/30/21  P. v. Stevenson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEASHAWN ANTHONY STEVENSON,<br><br>Defendant and Appellant. | C090897<br><br>(Super. Ct. No. 18FE022419) |

A jury found defendant Deashawn Anthony Stevenson guilty of three attempted burglaries.  The trial court denied probation, sentenced defendant to five years four months in prison, and imposed mandatory minimum fines and assessments.

Defendant now contends (1) there is insufficient evidence to support his convictions, (2) the trial court abused its discretion in denying probation, and (3) we should remand the matter to give the trial court an opportunity to consider his ability to pay the fines and assessments pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

1

We conclude the convictions are supported by sufficient evidence and defendant forfeited his challenges to the denial of probation and the fines and assessments by failing to assert his contentions in the trial court.  Accordingly, we will affirm the judgment.

BACKGROUND

In the early morning of November 24, 2018, a loud noise woke K.L., who looked out a bedroom window and saw a man trying to get into K.L.'s side garage door by using his shoulders to try to push it open.  When the man could not open the garage door, he tried unsuccessfully to open a locked guest bedroom window and a locked master bedroom window.  The man next moved to the kitchen door and was trying to open it.  K.L. screamed at the man and the man left.

Between 4:00 a.m. and 5:00 a.m. that same day, S.R. woke to the sound of his bedroom screen door sliding open.  When S.R. peered outside between the sliding door's curtains, he saw a man going to his kitchen door and trying to open it by turning the outer doorknob.

In addition, D.P. heard a loud noise coming from his backyard.  Surveillance footage of his home from that morning showed a man jumping over his fence at 5:40 a.m., looking through windows, manipulating a door handle, and then jumping over a fence to leave.

Around 8:20 a.m. that day, K.L. saw the man again and called 911.  Defendant was arrested.

In September 2019, the jury found defendant guilty of three attempted burglaries. (Pen. Code, §§ 664/459.)[1]  In two sentencing hearings based on two cases, the trial court denied probation and sentenced defendant to an aggregate five years four months in prison.  The trial court noted that defendant was eligible for probation but agreed with the

---

[1] Undesignated statutory references are to the Penal Code.

probation officer's recommendation in denying it. Defendant did not object to the denial of probation.

Consistent with defense counsel's request for imposition of the minimum amount of fines and fees, the trial court ordered defendant to pay a $300 restitution fine (§ 1202.4), a court operations assessment of $120 (§ 1465.8), and a court facilities assessment of $90 (Gov. Code, § 70373). Defendant did not object or assert an inability to pay the imposed fine and assessments.

DISCUSSION

I

Defendant concedes the sufficiency of the evidence that he was the man who trespassed on the three properties, but he claims there is insufficient evidence that he attempted to burglarize the homes. He argues the fact that he may have touched the doors does not mean he intended to enter the residences to commit a felony.

When considering a challenge to the sufficiency of the evidence to support a conviction, including a conviction that relies on circumstantial evidence, we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt, according due deference to the trier of fact. (*People v. Zaun* (2016) 245 Cal.App.4th 1171, 1173-1174 (*Zaun*).)

We " 'must accept logical inferences that the [finder of fact] might have drawn from the circumstantial evidence.' [Citation.]" (*Zaun, supra*, 245 Cal.App.4th at p. 1174.)

" 'Every person who enters any house . . . with intent to commit grand or petit larceny or any felony is guilty of burglary.' (Pen. Code, § 459.) 'An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission.' (Pen. Code, § 21a.)" (*Zaun, supra*, 245 Cal.App.4th at p. 1174.)

3

In *Zaun*, the defendant was convicted of burglary, attempted burglary, and receiving stolen property. Defendant and his three companions committed a series of residential burglaries with the same modus operandi: one of them knocked on the door or rang the doorbell, and if no one answered they would enter and steal from the home. (*Zaun, supra*, 245 Cal.App.4th at pp. 1172-1173.) Twice, someone answered the door, and the group left. (*Zaun,* at p. 1173.)

This court ruled there was substantial evidence to support defendant's two convictions for attempted burglary, explaining: "[W]hile a jury might have concluded that defendant and his associates did not form the intent to burglarize the homes until they determined the homes were unoccupied, that was not the only reasonable conclusion available to the jury. A jury could also reasonably conclude, as we presume the jury did here, that defendant and his associates had the intent to enter the homes and commit theft when they went to the front door and only abandoned that intent when someone answered the door. Under that scenario, defendant and his associates had the specific intent to commit burglary in each case, and the appearance of the [occupants] at their respective doors served to interrupt the intended crimes, making the actions up to that point ineffectual acts done toward the commission of burglaries. These are logical inferences that this court must accept on review." (*Zaun, supra*, 245 Cal.App.4th at p. 1174.)

Likewise here, there is substantial evidence of defendant's intent to commit three burglaries. On three occasions in the early hours of the same morning, defendant probed the outside of different homes, unsuccessfully trying to open various windows and doors. A jury could reasonably conclude, as we presume the jury did here, that defendant had the intent to enter the homes and commit theft when he acted in that way, only abandoning that intent when unable to enter. That is a logical inference that we must accept on review. Thus, there was sufficient evidence of intent to support the three attempted burglary convictions.

Defendant notes there is no evidence he had burglary tools or gloves, and it later appeared he was staggering and not acting normal. But even without evidence of burglary tools and gloves, the jury could infer that defendant intended to commit burglaries but was ineffectual. Moreover, evidence that defendant was staggering and not acting normal several hours after the incidents does not necessarily negate such an inference. His claim of insufficient evidence lacks merit.

II

Defendant next contends the trial court abused its discretion in denying probation. He argues the denial was based on an improper factor not supported by the evidence. The People counter that defendant forfeited this claim because he did not object on this basis in the trial court. We agree with the People.

"A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial. [Citation.] The rule applies to 'cases in which the stated reasons allegedly do not apply to the particular case . . . ,' but the rule does not apply when the sentence is legally unauthorized [citation]." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751.) It is only if the trial court fails to give the parties any meaningful opportunity to object that the rule becomes inapplicable. (*Id.* at p. 752.)

Here, the record indicates the trial court gave defendant a meaningful opportunity to object to the denial of probation, but defendant did not object. Under the circumstances, his contention is forfeited.

III

Defendant further argues the matter should be remanded to give the trial court an opportunity to consider his ability to pay the imposed restitution fine and assessments pursuant to *Dueñas*. The People once again counter that defendant forfeited this claim on appeal.

5

Defendant was sentenced after *Dueñas* was decided, but he did not assert it, or assert his inability to pay the imposed fines and assessments, at sentencing. Instead, defendant's counsel asked the trial court to impose minimum fines and fees. Under the circumstances, defendant forfeited his challenge to the restitution fine and assessments.

DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
HULL, Acting P. J.


/S/
MURRAY, J.