Filed 10/28/21  P. v. Alvidrez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C088913 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE010054, 17FE000461) |
| v. | |
| EDWARD ALVIDREZ, | |
| Defendant and Appellant. | |

A jury found defendant Edward Alvidrez guilty of attempted burglary and possession of burglary tools, and the trial court imposed an aggregate nine-year term.[1] On appeal, defendant contends (1) insufficient evidence established his intent to commit burglary; (2) the trial court was required to instruct the jury sua sponte that it must

---

[1]  This appeal involves two cases:  17FE000461 and 18FE010054.  The issues raised on appeal pertain to 18FE010054 only.

1

unanimously agree on the attempted burglary's point of entry; (3) the court failed to instruct on all elements of possession of burglary tools, omitting that defendant must have intended to use the tool to break in and commit a felony; and (4) the trial court erred in imposing fines and fees without first holding an ability to pay hearing. We agree only as to the third contention.

We will reverse defendant's possession of burglary tools conviction and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Attempted Burglary

Around 5:00 p.m., a neighbor observed defendant on the victim's apartment's porch, attempting to pick the front door lock by jamming in an ill-fitting key. The neighbor confronted defendant and twice told him to leave, but defendant did not. The neighbor then went inside and called the police, who did not immediately arrive. At some point, defendant left.

The victim's apartment is part of a large, gated complex with several hundred units and multiple buildings. A key is required to enter through the complex's front gate, but the victim's apartment is on the outskirts of the complex, near a chain link fence abutting a freeway, and its front door is on the first floor, effectively under a stairwell. The apartment also has a sliding glass patio door covered with a screen and blinds.

The victim was gone during the attempted break-in. When he left the previous day, he had left the doors locked, blinds closed, and lights off. He said he made sure the blinds were drawn. When he returned home, he noticed dirt and rocks from a nearby planter were disturbed, and his welcome mat was moved. He also noticed the screen door and wood trim was removed from the patio sliding door. The sliding door frame was bent and scratched with pry marks and was partially off its track. A Sacramento

Police Officer said the pry marks appeared fresh. But it did not appear that anyone got inside.[2] Nothing had been moved and nothing was missing.

After the victim reported the attempted break in, officers arrested defendant at a fast food restaurant a quarter mile away. The neighbor identified defendant as the man from the porch.

Defendant was found with an old, worn down key. An officer testified the key was "modified" since it was bent, though there were no visible file marks. He testified that modified, or "shaved," keys are sometimes used to defeats locks.

### The Defense's Case

At trial, trial counsel argued to the jury that defendant's intent to commit burglary was not proven, and, in fact, his actions were inconsistent with such an intent: someone intending to commit burglary would likely attempt at night, flee when discovered, and not stay in the area. Defendant, however, was present at a busy apartment complex during the day and when twice confronted by the neighbor did not leave.[3] He was detained only a quarter mile away and did not flee from police. Counsel argued to the jury that sometimes it is possible to see through closed blinds, "[s]o someone, if they were able to look in" they would not see anything inside, think that it was abandoned and

---

[2] No trial witnesses testified to personally seeing defendant near the patio area. But the victim testified that his attention was drawn to the patio door because a neighbor told him he had seen someone attempting to pry open the patio door.

[3] While the neighbor testified that he saw defendant trying to jam a key into the front door lock, defendant maintained it was not reasonably probable that the witness could actually see what he was doing with his hands.

3

"maybe I can go sleep for the night. . . Is that the more reasonable inference? I think it is."[4]

## Verdict and Sentencing

The jury found defendant guilty of attempted burglary (Pen. Code, §§ 664/459)[5] and possession of burglary tools (§ 466). It also found he had suffered a prior strike (§§ 667, subd. (a)/1170.12).

The trial court imposed an aggregate nine-year term consisting of four years for the attempted burglary (the lower term, doubled for the strike), and a five-year prior serious felony enhancement. For possession of burglary tools, defendant was sentenced to time served.[6]

## DISCUSSION

### I. Substantial Evidence

On appeal, defendant contends insufficient evidence established his intent to commit burglary. He argues the record lacks evidence, even circumstantial, about his state of mind when he attempted to enter the apartment. The key found in his possession was not a burglary tool sufficient to demonstrate intent because it did not have visible file marks and was merely worn down. And the record does not preclude a reasonable non-nefarious intent, such as finding a place to sleep. Defendant's contention is without merit.

To find a defendant guilty of attempted burglary, the jury must conclude he had the specific intent to commit the attempted crime — here, intent to commit burglary —

---

[4] The victim was in the process of moving out of the apartment, and one officer testified that, when he viewed the apartment's interior, it appeared to have been packed up. The victim testified that only the living room was empty.

[5] Undesignated statutory references are to the Penal Code.

[6] The clerk's transcript states the court imposed 0 days on count two.

and completed a direct but ineffectual act toward its commission. (*People v. Mejia* (2012) 211 Cal.App.4th 586, 605.) The crime of burglary requires entry into a structure, with intent to commit larceny or any felony. (§ 459) Usually, intent must be inferred from the surrounding circumstances disclosed by the evidence. (*People v. Matson* (1974) 13 Cal.3d 35, 41.)

In determining the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to decide whether substantial evidence supports the conviction. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 671 ["Substantial evidence is evidence that is reasonable, credible, and of solid value such that a rational trier of fact could find the defendant guilty beyond a reasonable doubt."].) We accept all logical inferences the jury might have drawn from circumstantial evidence. (*People v. Zaun* (2016) 245 Cal.App.4th 1171, 1173, citing *People v. Maury* (2003) 30 Cal.4th 342, 396.) A finding of insufficient evidence " 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357 (*Zamudio*).)

Here, defendant's possession of a modified key as well as the location and characteristics of the victim's apartment's constitute substantial evidence of intent to commit burglary on a theft theory. Defendant's possession of a burglary tool, the modified key, supports a reasonable inference of intent to burglarize the apartment. (*People v Southard* (2007) 152 Cal.App.4th 1079, 1088 [possession of burglary tools or items commonly used by burglars to facilitate burglary can provide evidence of the requisite intent].) And though defendant argues the key was not a "burglary tool" because it did not have visible file marks, the jury was free to accept the officer's testimony that the key was "modified" and that such keys are often used to defeat locks.

The apartment's location and characteristics further support a reasonable inference of intent to commit burglary. The apartment is located in a complex that requires a key to enter. But the victim's apartment was on the complex's outskirts, near a chain link fence

5

abutting a freeway, providing a possible bypass to the front gate and access to the apartment. Further, the front door was hidden from view. And during the incident, the apartment was completely dark with all the doors locked and blinds drawn, indicating no one was home. From this a jury could conclude the apartment was an inviting target to burglarize and from that, infer intent.

While defendant maintains he harbored a non-nefarious purpose, such as finding a place to sleep, which could explain his conduct, the general busyness of the complex and the neighbor twice telling him to leave undermines that — suggesting defendant knew the apartment was inhabited, and an owner would soon return. In sum, there was substantial evidence from which the jury could reject defendant's claim of non-nefarious intent, and conclude he had intent to commit burglary. This is certainly not a case where " ' " 'upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict' " (*Zamudio*, *supra*, 43 Cal.4th at p. 357.)

Defendant's substantial evidence contention therefore fails.

## II. Unanimity Instruction

Defendant contends the trial court erred in failing to sua sponte instruct the jury that it must unanimously agree on the attempted point of entry to sustain the attempted burglary conviction. He reasons the prosecution presented evidence of two points of entry — the front and back patio door — each of which could be a direct but ineffectual act toward the burglary's completion. Since the prosecution made no election between the acts, the trial court was required to instruct the jury that it must unanimously agree on which act constituted the attempted burglary. We disagree.

We review a claim that the trial court failed to instruct the jury on the applicable principles of law de novo. (*People v. Lueth* (2012) 206 Cal.App.4th 189, 195.)

A court must give the unanimity instruction when the evidence suggests more than one discrete crime, and the prosecution does not elect which it intends to prove beyond a reasonable doubt. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132 (*Russo*).) This

6

instruction is intended to prevent a defendant being convicted without all jurors agreeing on the crime committed. (*Ibid.*)

But jurors need not all agree on exactly how a single, discrete crime was committed. (*Russo*, *supra*, 25 Cal.4th at p. 1135.) "Thus, the unanimity instruction is appropriate 'when conviction on a single count could be based on two or more discrete criminal events,' but *not 'where multiple . . . acts may form the basis of a guilty verdict on one discrete criminal event*. In deciding whether to give the instruction, the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime.'" (*Ibid.* italics added.)

Applying this standard to a burglary example, the *Russo* court stated: "If the evidence showed two different entries with burglarious intent, for example, one of a house on Elm Street on Tuesday and another of a house on Maple Street on Wednesday, the jury would have to unanimously find the defendant guilty of at least one of those acts. If, however, the evidence showed a single entry, but possible uncertainty as to the exact burglarious intent, that uncertainty would involve only the theory of the case and not require the unanimity instruction." (*Russo*, *supra*, 25 Cal.4th at pp. 1132-1133.)

Here, instead of breaking into or attempting to break into two houses with the intent to steal from each house as in the example discussed in Russo, the evidence indicates defendant attempted to break into a single apartment by multiple acts with a singular intent to steal from that apartment. Thus, the evidence forms the basis for a verdict on one discrete criminal event: the attempt to break into the victim's apartment. Whether defendant attempted entry through the front door or the patio door concerns how one discrete crime — attempted burglary of the same residence — was committed. This case does not present a situation where "the jury may divide on two discrete crimes and not agree on any particular crime"; rather "the evidence [here] merely presents the

7

possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime." (*Russo*, *supra*, 25 Cal.4th at p. 1135.) Accordingly, the trial court was not required to give a unanimity instruction on the attempted point of entry.

And even assuming arguendo the unanimity instruction was required, any hypothetical error is harmless beyond a reasonable doubt. No witness who testified actually saw defendant near the patio, and no surveillance footage, DNA or fingerprint evidence placed him there. Thus, any juror concluding defendant attempted entry at the patio necessarily also had to conclude he attempted entry at the front door, as indicated by the neighbor who identified him as the man he saw attempting to enter that door with a key.

Thus, defendant's contention fails.

### III. Possession of Burglary Tools Instruction

Defendant contends the trial court failed to instruct the jury on all the elements of possession of burglary tools (§ 466). Specifically, the jury was not instructed that defendant must have intended to use the burglary tools to break into a structure to commit a felony. We agree the instruction was erroneous and prejudicial.

We review whether a jury instruction correctly states the law de novo. (*People v. Lopez* (2011) 198 Cal.App.4th 698, 708.)

Here, no standard instruction exists for possession of burglary tools, so the trial court created its own. The court instructed the jury that three elements were required: "[(1)] the defendant possessed an instrument or tool; [(2)] the defendant knew that he possessed this instrument or tool; and [(3)] the defendant intended to feloniously break or enter into a building, railroad car, aircraft or vessel, trailer coach or vehicle."

But a conviction for possession of burglary tools also requires intent to *use* the tool to break into or otherwise effectuate physical entry into a structure in order to commit a felony within. (*In re H.W.* (2019) 6 Cal.5th 1068, 1075 ["Unlike certain burglary tool

8

statutes found in other states, section 466 does not merely prohibit possession of certain devices with an intent to commit burglary . . ."].)

The instruction here merely required the jury to find defendant knowingly possessed the key and had intent to break into the apartment to commit a felony. This is precisely what the *In re H.W.* court rejected.[7] Therefore, the instruction was erroneous.

An instructional error omitting a required element of the offense is reviewed for prejudice under *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705]. (*People v. Bay* (2019) 40 Cal.App.5th 126, 137 (*Bay*).) Under this standard, reversal is required unless we conclude the error was harmless beyond a reasonable doubt. (*Chapman*, at p. 24.) The question is whether the guilty verdict rendered was "surely unattributable to the error." (*Sullivan v. Louisiana* (1993) 508 U.S. 275, 279 [124 L.Ed.2d 182].)

An instructional error omitting a required element will be harmless if "the factual truth of the omitted element was implicitly found by the jury." (*People v. Lewis* (2006) 139 Cal.App.4th 874, 890 (*Lewis*).) Similarly, an instructional error omitting a required element will be harmless when the defendant did not, and apparently could not, bring forth facts contesting the omitted element. (*People v. Neder* (1999) 527 U.S. 1, 17 [144 L.Ed.2d 35].) But "where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding — [the court] should not find the error harmless." (*Id.* at p. 19.)

_____

[7] The People maintain the instruction here was not in error because it adequately conveyed that defendant's intent to use the tool to break in must be felonious. We disagree and find the People have misconstrued defendant's argument and the law. The missing element is "the *intention to use the instrument* to make a felonious entry, not whether the entry in question was felonious." The People further maintain defendant's contention is forfeited because his trial counsel did not object to the instruction or request clarifying language. We disagree. "[I]t is well settled that no objection is required to preserve a claim for appellate review that the jury instructions omitted an essential element of the charge." (*People v. Mil* (2012) 53 Cal.4th 400, 409.)

9

Here, we cannot say the error was harmless beyond a reasonable doubt. Under the instructions given, the jury concluded defendant intended to break into the apartment to commit a felony, but it was not asked to decide whether he intended to use the key to do so. And though substantial evidence supported the jury's finding of guilt as to attempted burglary, that verdict *did not require* a finding that defendant possessed the key found in his possession to use to break into a structure.

Further, this is not a case where the omitted element was "uncontested and indisputable." (*Lewis, supra,* 139 Cal.App.4th at p. 890.) Defendant's intent when attempting entry was contested and indeed was the central issue at trial. (See *Bay, supra,* 40 Cal.App.5th at p. 138 [finding erroneous instruction on intent element of section 466 prejudicial where intent "was both contested and central to assessing guilt of the charge"].) And although the neighbor testified to seeing defendant actually use a key to attempt entry through the front door, defendant maintained that the neighbor would not have been able to see what he was doing with his hands. While the jury was free to accept the neighbor's testimony as credible, we cannot say beyond a reasonable doubt that the guilty verdict was unattributable to the instructional error.

Accordingly, we reverse defendant's conviction for possession of burglary tools.

### IV. *Dueñas*

Lastly, defendant contends the trial court improperly imposed court operations (§ 1465.8) and criminal conviction fees (Gov. Code, § 70373), as well as restitution fines, without first determining his ability to pay. He maintains under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, this court should stay the fines and fees imposed until the trial court holds a hearing to determine his ability to pay.

We join courts concluding *Dueñas* was wrongly decided and hold that defendant was not entitled to an ability to pay hearing before the imposition of fines and fees. (*People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860; *People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272; *People v.*

10

*Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055; *People v. Caceres* (2019) 39 Cal.App.5th 917.)

We therefore reject defendant's contention.

### DISPOSITION

We reverse defendant's conviction for possession of burglary tools.  In all other respects, the judgment is affirmed.


/s/
MURRAY, J.

We concur:


/s/
BLEASE, Acting P. J.


/s/
KRAUSE, J.